(1) At the initial time of conviction the Defendant was only 16 years old, and

(2) Excessive incarceration time will not meet the Defendant's rehabilitative needs.

HON. JOHN S. HENSON DISSENTS: He concurs with the originally sentence imposed.

We wish to thank Curt Bevolden of the Montana Defender Project for his assistance to the Defendant and to this Court.

DATED this 6th day of January, 1984.

### SENTENCE REVIEW DIVISION

Joseph B. Gary, Mark P. Sullivan, John S. Henson

From: The District Court of the Third Judicial District, County of Powell, STATE OF MONTANA, Plaintiff vs. DUDLEY HOLLENBECK, Defendant.

### DECISION

No. DC-82-50

The application of the above-named defendant for a review of the sentence of 2 years, consecutive to term defendant is now serving imposed on April 21, 1983, was fully heard and after a careful consideration of the entire matter it is decided that: the sentence shall remain the same as originally imposed; however, the Defendant shall receive credit for the 9 days of jail time served between the date of his apprehension following the escape and his return to the Montana State Prison.

This Board finds that the sentence imposed was consistent with other sentences of the same nature.

We wish to thank Lorri Schneider of the Montana Defender Project for her assistance to the Defendant and to this Court.

DATED this 6th day of January, 1984.

### SENTENCE REVIEW DIVISION

Joseph B. Gary, Mark P. Sullivan, John S. Henson

From: The District Court of the Third Judicial District, County of Powell, STATE OF MONTANA, Plaintiff vs. FRITZ JAMES DAHLMAN, Defendant.

### DECISION

No. DC-83-03

The application of the above-named defendant for a review of the sentence of 3 years; consecutive to term presently serving imposed on April 21, 1983, was fully heard and after a careful consideration of the entire matter it is decided that: the

sentence shall be amended to 3 years with 2 years suspended. The sentence shall run consecutive to term presently serving and during the suspended portion of this sentence, the Defendant shall be under the Supervision of the Department of Adult Probation and Parole.

Reasons for the amendment are:

(1) The aggravated circumstances under which the Defendant walked away indicates that he was acting under extreme duress at the time,

(2) the sentence he is serving now, won't expire until approximately January 1988, less good time, therefore the escape charge will not start to run until that time, and

(3) the Defendant is young enough for significant rehabilitation.

We wish to thank Jim Maher of the Montana Defender Project for his assistance to the Defendant and to this Court.

DATED this 6th day of January, 1984.

## SENTENCE REVIEW DIVISION

Joseph B. Gary, Mark P. Sullivan, John S. Henson

From: The District Court of the Second Judicial District, County of Silver Bow, STATE OF MONTANA, Plaintiff vs. WILLIAM LITTLE, Defendant.

## DECISION

No. 82-CR-96

The application of the above-named defendant for a review of the sentence of 20 years imposed on March 14, 1983, was fully heard and after a careful consideration of the entire matter it is decided that: the sentence shall be amended to 20 years with 10 years suspended. The Defendant shall be under the Supervision of the Department of Adult Probation and Parole for the suspended portion of this sentence.

Reasons for the amendment are:

(1) This is the Defendant's first criminal offense of any kind, and;

(2) this Court finds that the Petitioner had an excellent employment record prior to this crime and is likely to be a good candidate for rehabilitation.

We wish to thank Dave Wysoski of the Montana Defender Project for his assistance to the Defendant and to this Court.

DATED this 6th day of January, 1984.

## SENTENCE REVIEW DIVISION

Joseph B. Gary, Mark P. Sullivan, John S. Henson

From: The District Court of the Second Judicial District, County of Silver Bow, STATE OF MONTANA, Plaintiff vs. KEITH WAYNE KRAUSE, Defendant.